935 F.2d 269
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Steven D. BARBOUR, Plaintiff-Appellee,
v.
Joe GRIFFIN, Lt., Don Reese, Linda Everhard, Ron Bays, Grace
Cook, Lt. Rankin, Michael E. Schornick, Dean Abbott,
Corrections Officers, individually and in their official
capacity, Defendants-Appellants.
 No. 90-6067.
 United States Court of Appeals, Sixth Circuit.
 June 17, 1991.
 
 Before KENNEDY and SUHRHEINRICH, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Defendants appeal the judgment of the District Court ordering a rehearing of a charge of disobedience by a prison disciplinary board. The District Court found that the evidence before the board was insufficient to support its finding that defendant was disobedient. We disagree and for the following reasons shall REVERSE.
 
 
 2
 Steven D. Barbour ("plaintiff"), an inmate, filed this pro se action pursuant to 42 U.S.C. Sec. 1983. Plaintiff alleged both procedural and substantive due process violations, as well as eighth amendment violations, based on the actions of the Blackburn Correctional Complex Adjustment Committee ("Adjustment Committee") relating to two charges which arose from two separate incidents.
 
 
 3
 The incidents giving rise to plaintiff's allegations occurred while plaintiff was an inmate at the Blackburn Correctional Complex. The first charge--possession of/or promoting of dangerous contraband ("contraband charge")--was brought when a guard searched plaintiff and discovered some white powder wrapped in small packets of paper. Plaintiff initially stated that the substance was aspirin, but later corrected himself and stated that the substance was the prescription drug Elavil, a drug used to induce sleep. Plaintiff had a valid prescription for this medication during this period. After an investigation and a hearing, the Adjustment Committee found defendant guilty and recommended the forfeiture of 30 days good time. Plaintiff appealed the findings and punishments of the Adjustment Committee related to the contraband charge[1] but the warden denied this appeal.
 
 
 4
 In a separate incident, plaintiff was charged with disobeying a direct order ("disobedience charge"). A guard woke plaintiff up at 5:45 a.m. and told him to report to the control center. Plaintiff failed to report. Plaintiff asserted both to the investigating officer and the Adjustment Committee that he did not report because he was taking Elavil at the time. This drug he argued incapacitated him to the extent that he could not comprehend the order allegedly disobeyed. Thus, he lacked the requisite intent to commit the charged offense. Notwithstanding plaintiff's assertion, the Adjustment Committee found plaintiff guilty and recommended the forfeiture of 30 days good time.
 
 
 5
 Plaintiff commenced this section 1983 action in district court against defendants, correctional officers and members of the Adjustment Committee. Plaintiff alleged numerous claims: that the findings and punishments stemming from both charges were based on insufficient evidence; that a corrections officer violated the correctional institution's policy by investigating the alleged charges and then ruling on the charges as a member of the Adjustment Committee; that plaintiff was given inadequate time to prepare for the hearing related to the disobedience charge; and that the punishments imposed violated the eighth amendment. Defendants filed a motion for summary judgment. The magistrate recommended that summary judgment be granted in favor of defendants on all of plaintiff's claims except those alleging insufficient evidence and unconstitutional punishment. Although both parties objected to the magistrate's report, the District Court, upon de novo review, adopted it as its opinion.
 
 
 6
 Subsequent to this opinion, plaintiff filed a motion for summary judgment on the remaining claims of insufficient evidence and cruel and unusual punishment as to both charges. In their response to this motion, defendants admitted that there was insufficient evidence to sustain the findings and punishment of the Adjustment Committee based on the contraband charge and granted plaintiff a rehearing. As to the disobedience charge, defendants maintained that the evidence sufficed to sustain the findings and punishment of the Adjustment Committee. Defendants further argued that the forfeiture of statutory good time credits was not a punishment violative of the eighth amendment.
 
 
 7
 The District Court reached three conclusions. It concluded that plaintiff's claim of insufficient evidence as to the contraband charge was moot in light of defendants' grant of a rehearing. As to the disobedience charge, the District Court granted summary judgment in favor of plaintiff on the insufficiency claim and ordered the Adjustment Committee to conduct a rehearing. Finally, the District Court granted summary judgment in favor of defendants on the eighth amendment claim. The District Court subsequently denied defendants' motion to alter or amend this judgment. Defendants filed this timely appeal.
 
 
 8
 The only issue raised by the parties is whether the District Court erred in holding that the evidence was insufficient to sustain the findings and punishment of the Adjustment Committee on the disobedience charge. A due process violation results when a disciplinary board's factual findings, resulting in the revocation of good time, are not supported by "some" evidence. Superintendent, Massachusetts Correctional Inst. v. Hill, 472 U.S. 445 (1985). This evidentiary standard seeks "to prevent arbitrary deprivations without threatening institutional interests or imposing undue administrative burdens." Id. at 455. In determining whether this standard is met, we need not examine the entire record, independently assess the credibility of witnesses, or weigh the evidence. Id. Our review is limited to the question of whether there is "some evidence" that supports the decision of the Adjustment Committee.
 
 
 9
 The only evidence submitted to support the findings made by the Adjustment Committee is found in the report made by the officer investigating this incident:
 
 
 10
 AT 5:45 a.m., C.O. Abbott woke-up Barbour and gave him an order to report to Control Center at 6:30 a.m. in order to have 2 incident reports investigated. As of 7:10 a.m. he had not reported.
 
 
 11
 Joint App. at 19. In response to this charge, plaintiff stated that he could not recall being awakened by the guard, and that he lacked the requisite intent to disobey an order because he was under the influence of Elavil.
 
 
 12
 We conclude that sufficient evidence supported the Adjustment Committee's determination. As the investigating officer's report notes, a guard stated that he woke up plaintiff. Even plaintiff's recollection does not directly contradict this fact because he states that he cannot recall whether someone woke him up. Accordingly, some evidence exists from which it is reasonable to infer that defendant was given an order which he chose to disobey.
 
 
 13
 Further, the evidence need not "logically preclude[ ] any conclusion but the one reached by the disciplinary board." Hill, 472 U.S. at 457. Plaintiff was given an adequate opportunity to respond to the allegations against him and to present his side of the story. Conflicting evidence was presented at the hearing. The Adjustment Committee chose not to believe the evidence tending to exonerate plaintiff, but instead chose to believe the officer's report. Based on our standard of review, we therefore conclude that the finding by the Adjustment Committee did not result in a violation of plaintiff's due process rights.
 
 
 14
 For the foregoing reasons, we REVERSE the decision of the District Court granting summary judgment in favor of plaintiff on the disobedience charge and grant summary judgment in favor of defendants.
 
 WELLFORD, Senior Circuit Judge, dissenting:
 
 15
 Defendants were forced to concede in district court that there was insufficient evidence to support the charge that plaintiff possessed contraband. Despite this concession, they challenge the court's finding that insufficient evidence existed to support the charge that plaintiff disobeyed a direct order. I would conclude that the district court was correct in holding that defendants should grant plaintiff a rehearing on the disobedience charge.
 
 
 16
 In the case cited by the majority, the Supreme Court stated:
 
 
 17
 Requiring a modicum of evidence to support a decision to revoke good time credits will help to prevent arbitrary deprivations without threatening institutional interests or imposing undue administrative burdens.
 
 
 18
 Superintendent v. Hill, 472 U.S. 445, 455 (1985). Putting it another way, the Court required in the situation comparable to the one here involved "some evidentiary basis for a decision to revoke good time credits." Id. at 455.
 
 
 19
 In describing that "modicum" of proof or "evidentiary basis" for conviction on the charge of disobedience, the majority states:
 
 
 20
 As the investigating officer's report notes, a guard stated that he woke up plaintiff. Even plaintiff's recollection does not directly contradict this fact because he states that he cannot recall whether someone woke him up. Accordingly, some evidence exists from which it is reasonable to infer that defendant was given an order which he chose to disobey.
 
 
 21
 There is no question but that plaintiff was taking Elavil, a prescription to help him sleep, when the guard purportedly awakened Barbour at a very early hour in mid-February when it was surely still dark. Plaintiff did "not remember anyone waking him at 5:45 a.m." and reminded the Adjustment Board that at the time he was taking sleep medication. The Board verified this was prescription medication as claimed by plaintiff.
 
 
 22
 The guard's early morning order was to report in 45 minutes to the Control Center for investigation of incident reports. (One incident report, already mentioned, was an unsubstantiated charge of possessing contraband that turned out to be a quantity of Elavil). Both the magistrate and the district judge, in reviewing the record, found no evidence of any intent to disobey a direct order under the circumstances. I believe that the magistrate was correct in recommending that "non-denial [by plaintiff] that someone attempted to awaken [him] does not equate to 'some' or 'meager' evidence that plaintiff comprehended or remembered a direct order and then chose to disobey it." The district court was not in error in concluding that "the record fails to establish any evidence that plaintiff could or did form the required intent to disobey a direct order."
 
 
 23
 It was not erroneous for the magistrate and the district court to conclude that a reasonable inference cannot be drawn from the circumstances of any intent on plaintiff's part in the dark of an early winter morning to disobey a guard's order.[1]
 
 
 24
 I would therefore affirm the district court.
 
 
 
 [1]
 Although the documents indicate that plaintiff appealed the Adjustment Committee's resolution of both charges, plaintiff states in his brief that only the contraband charge was appealed. See Joint App. at 19
 
 
 [1]
 Although the documents indicate that plaintiff appealed the Adjustment Committee's resolution of both charges, plaintiff states in his brief that only the contraband charge was appealed. See Joint App. at 19
 
 
 [1]
 The inference drawn from the ambiguous facts in this case--whether Barbour was consciously awake at 5:45 a.m. and understood the guard's directions and intentionally disobeyed these directions--is insufficient to carry the state's burden of proof. See Braxton v. United States, --- U.S. ----, 59 L.W. 4499, 4501 (May 28, 1991)